## Bunney Appeal

*D. W. Patterson*, for Commonwealth.
*Anna Belle Jones*, for appellant.

STRANAHAN, P. J., May 8, 1972.—This matter is now before the court on an appeal from the license suspension of Robert L. Bunney. On December 21, 1971, the petitioner, Mr. Bunney, was placed under arrest and requested to submit to a chemical test for

intoxication under the provisions of the Act of April 29, 1959, P. L. 58, sec. 624.1, as amended, 75 PS §624.1. He refused to take this test and as a result the secretary has suspended his license for a period of six months.

A petition was filed appealing from this suspension and the court conducted a hearing, at which time the following findings of fact were made:

## FINDINGS OF FACT

1. That on December 21, 1971, Officer Dunn of the Mercer Borough Police received information that there had been an accident at the VFW parking lot. This information was received at about 5:10 p.m. when the officer proceeded to the scene. He there discovered a damaged vehicle and received a description of a Dodge automobile which was the other car involved in the accident, and which he was advised had left the parking lot.

2. The officer searched and found an automobile at 244 South Maple Street which was parked in a driveway, and which answered the description of the vehicle that had left the accident scene. The address 244 South Maple Street is a residence occupied by Robert L. Bunney's father.

3. Mr. Bunney, defendant, came out of the house and got into his vehicle and started the motor, but at all times the vehicle was in a private driveway. The officer informed Mr. Bunney to turn off the ignition which he did, and the officer observed the odor of alcohol coming from Mr. Bunney, and further observed that his speech was slurred when he conversed with Mr. Bunney.

4. While the officer was examining Mr. Bunney's registration and driver's license, Mr. Bunney started the car for a second time and the officer again told him to turn off the ignition, which he did.

5. The officer was of the opinion that Mr. Bunney was at that time under the influence of intoxicating liquor and advised him that he was under arrest and advised him of his constitutional rights.

6. The officer transported Mr. Bunney to the Pennsylvania State Police Barracks and requested that he take a chemical test to determine the alcoholic content of his blood which Mr. Bunney refused to do.

7. Mr. Bunney had no recollection whether he was involved in an accident at the VFW, although he does admit his presence in the parking lot and admits that he did have one beer at the VFW.

8. Mr. Bunney left the VFW and was at the house at 244 Maple Street for 45 minutes to an hour before the police arrived, and during that period of time he consumed two to three beers.

9. Petitioner, Mr. Bunney, has, since December 21, 1971, paid for the damage to the other car.

### CONCLUSIONS OF LAW

In reading 75 PS §624.1, it would appear that the right to suspend the license of an operator for refusal to submit to a chemical test for intoxication exists only where the person has been placed under arrest and charged with the operation of a motor vehicle while under the influence of intoxicating liquor. This means that the person must be lawfully arrested in order to come under the provision of this statute.

In order to determine whether this defendant's privilege to operate a vehicle in the Commonwealth should be suspended, it is necessary for this court to first determine whether there was a lawful arrest in this case.

It is possible under the findings of fact for defendant to have been arrested as a result of one of two situations. First it could have been the police officer's

intention to arrest this defendant for the incident that occurred on the parking lot of the VFW in Mercer. The officer, of course, did not witness this incident, but there was some information that he had received and possibly some circumstantial evidence which might be grounds for him to make an arrest. The problem with this is that the arrest under these circumstances would not be an arrest on view, since the officer did not witness the happening of the incident that formed the basis of the arrest, and therefore for him to charge defendant with operating a motor vehicle while under the influence of intoxicating liquor it would be necessary that he file a criminal complaint and have a warrant issued. This he did not do, and if it is his intention to arrest defendant for the incident that occurred in the VFW parking lot, the arrest was unlawful because it was not made with a warrant.

The second possibility is that defendant would be arrested for his act of getting into his car in his father's driveway and starting the motor. This occurred on two separate occasions and in both instances the officer observed defendant do this and was also of the impression that at that time defendant was under the influence of intoxicating liquor.

The question, therefore, arises as to whether or not this constitutes operating a motor vehicle while under the influence of intoxicating liquor.

There seems to be some split in Pennsylvania as to when a person can be convicted of driving under the influence of intoxicating liquor as far as where the operation of the motor vehicle takes place. It should be noticed in the statute, Act of April 29, 1959, P. L. 58, sec. 1037, 75 PS §1037, that there is no provision that the driving be on a public highway. This requirement does appear in other sections of The Vehicle

Code, but is omitted in the statute dealing with driving under the influence of intoxicating liquor.

In Commonwealth v. Slater, 85 D. & C. 602, the late George H. Rowley, P.J., of Mercer County, wrote an opinion dealing with this problem. In that opinion he points out that "The broad right of the Commonwealth to regulate motor vehicles in the use of a public highway does not extend to their operation in an area other than a public highway. To restrict operation not on a public highway, the Commonwealth can act only under its police power. That is to say, such a restriction must bear some relation to the health, safety or welfare of the public." (page 604.)

In Commonwealth v. Goldscheiter, 57 D. & C. 490, the court points out that to be guilty of operating under the influence of intoxicating liquor it is not necessary that the operator of the car be on a public highway. However, the court points out that the purpose of the act is for the protection of public safety and therefore it applies only to those automobiles being operated in an area where vehicles might normally be driven. We believe that is the appropriate law that should govern in Pennsylvania, and therefore conclude that a person may be guilty of operating his motor vehicle while under the influence of intoxicating liquor if he operates the vehicle where other vehicles might normally be driven. Since the purpose of the act is to protect the public safety, it should, of course, extend to parking lots, picnic grounds, plazas and other places of that type, which may not be public highways, but are places where the public might expect an automobile to be driven.

We must now determine the narrow question of whether or not an operator who starts his car in a private driveway of a home which is not his is oper-

ating a motor vehicle while under the influence of intoxicating liquor. We are inclined to think that if Robert L. Bunney had been operating his automobile in his own private driveway and offered testimony that no one other than he used this driveway, then it might well be that he would not be operating his vehicle with respect to a place where other vehicles might normally be driven. However, we further believe that this situation is somewhat different in that he is operating his vehicle in a driveway of someone else, thus he does come under the terms of the statute, because we feel that the purpose of the statute, among other things, is for the protection of public safety, and it is obvious that other parties may be using this private driveway, including members of the immediate family of the property owner. Such being the case they are entitled to be protected from persons operating a motor vehicle while under the influence of intoxicating liquor, and we therefore conclude that the state extends to this situation.

Some time ago we wrote an opinion dealing with the question of when a person was operating a motor vehicle, and we concluded in that opinion that a person who has started his vehicle and is sitting behind it in manual control of the vehicle, even though the vehicle is not moving, is guilty of operating the vehicle: Commonwealth v. Bell, 111 September term, 1971, Mercer Co.

We therefore conclude that the police officer did make a valid arrest when he arrested Robert L. Bunney in the driveway at 244 South Maple Street, Mercer, Pa., which driveway was not on premises owned by Mr. Bunney, but rather was owned by a relative of his.

We therefore must refuse petitioner's appeal from the suspension of his license and sustain the Commonwealth.

60

## ORDER

And now, May 8, 1972, it is ordered that the appeal of Robert L. Bunney is refused and he is directed to comply with the Department of Transportation in regard to the suspension of his license.